UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GERTETTA GREEN-PAGE and KA'SEAN ANTHONY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-00837 |
| FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, COUNTY OF ERIE, ERIE COUNTY SHERIFF'S DEPARTMENT, CITY OF BUFFALO, and BUFFALO POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER GRANTING THE FEDERAL BUREAU OF
INVESTIGATION'S AND THE DRUG ENFORCEMENT ADMINISTRATION'S
MOTION TO SUBSTITUTE AND DISMISS**
(Doc. 12)

Plaintiffs Gertetta Green-Page and Ka'Sean Anthony bring this action against Defendants the Federal Bureau of Investigation (the "FBI"), the Drug Enforcement Administration (the "DEA"),[1] the County of Erie, the Erie County Sheriff's Department, the City of Buffalo, and the Buffalo Police Department (collectively, the "Municipal Defendants") alleging violations of constitutional law and state tort law arising out of the execution of a search warrant for Plaintiffs' residence.

---

[1] In their opposition brief, Plaintiffs agreed to substitute the United States as a defendant in lieu of the FBI and the DEA and to dismiss their Third Cause of Action alleging a Fourteenth Amendment violation against the United States. These requests are GRANTED and the Clerk of Court is directed to change the caption to reflect the United States of America as the sole federal defendant.

Plaintiffs assert the following claims: unreasonable seizure and deprivation of liberty under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution against all Defendants; violation of Plaintiffs' civil rights through excessive use of force against all Defendants; punishment without due process of law in violation of the Fourteenth Amendment of the United States Constitution against the Municipal Defendants; and state law claims of battery, false arrest, false imprisonment, intentional and negligent infliction of emotional distress, and negligent hiring, training, and supervision against all Defendants.

Pending before the court is the United States' motion to dismiss for improper service pursuant to Fed. R. Civ. P. 12(b)(5), lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). On November 9, 2020, Plaintiffs opposed the motion to dismiss, and on November 13, 2020, the United States filed a reply at which time the court took the pending motion under advisement.

Plaintiffs are represented by William A. Lorenz, Jr., Esq., and Steven M. Cohen, Esq. The United States is represented by Assistant United States Attorney Mary K. Roach. Defendants County of Erie and Erie County Sheriff's Department are represented by Thomas J. Navarro, Esq. Defendants City of Buffalo and Buffalo Police Department are represented by Maeve Eileen Huggins, Esq.

## I.    Allegations in the Complaint.

At approximately 6:00 a.m. on June 19, 2019, Plaintiffs were asleep in their bedrooms at their home located at 43 Schauf Street, Lower, Buffalo, New York when they were awakened by the sound of "an unknown number of agents or officers of Defendants busting through the main door of [their] home with a battering ram." (Doc. 1-3 at 7, ¶ 20.) Plaintiff Anthony alleges that he saw agents or officers of Defendants "rushing into his home" wearing "body armor [and] masks and carrying what appeared to [him] to be assault rifles." *Id.* at 7, ¶¶ 21-22. The officers directed Plaintiff Anthony to put his hands up and directed Plaintiff Green-Page to come out of her bedroom. Plaintiffs were then told to sit in chairs, and their hands were zip-tied behind their backs. Plaintiff

Anthony's hands were allegedly tied "so tight[ly] that his wrists began bleeding." *Id.* at 8, ¶ 30.

Plaintiffs allege that they were told that the agents were in possession of a warrant, but no warrant was shown to them. The officers allegedly "forcibly, violently, and negligently ransacked Plaintiffs' home," which caused damage to it as well as to Plaintiffs' personal property. *Id.* at 7, ¶ 28. Plaintiffs were eventually released from the zip-ties and informed that the search warrant was for a person named "Guy Burt" with whom Plaintiffs did not associate.

## II.     Procedural Background.

On September 13, 2019, Plaintiffs submitted a Notice of Claim to the DEA. Their Notice of Claim did not contain a request for a sum certain of damages. On September 27, 2019, the DEA advised Plaintiffs' counsel of its receipt of the Notice of Claim and informed counsel that a SF 95 Form containing a sum certain of damages must be completed. A copy of the SF 95 Form was forwarded to Plaintiffs' counsel but was not filled out and returned. On June 18, 2020, Plaintiffs filed their Complaint in New York State Supreme Court. On July 6, 2020, the United States removed the action to federal court.

## III.    Conclusions of Law and Analysis.

### A.     Whether the Complaint Should be Dismissed for Insufficient Service of Process.

Rule 12(b)(5) provides for dismissal of a complaint if it has not been properly served. On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (observing that plaintiffs "carry the burden of pro[of]" where a defendant "move[s] to dismiss for insufficient service of process under Rule 12(b)(5)"). "In deciding a Rule 12(b)(5) motion, a [c]ourt must look to Rule 4, which governs the content, issuance, and service of a summons." *Felton v. Monroe Cmty. Coll.*, 20201 WL 1132411, at *4 (W.D.N.Y. Mar. 24, 2021) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F.

Supp. 2d 54, 64 (S.D.N.Y. 2010)).

To serve the United States, a party must "[1] deliver [or mail] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "[2] send a copy of each by registered or certified mail to the Attorney General of the United States[.]" Fed. R. Civ. P. 4(i)(1). "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The United States contends that, according to Plaintiffs' affidavits of service, a copy of the summons and complaint was served upon the U.S. Attorney's Office in the Western District of New York but Plaintiffs did not serve the U.S. Attorney General. Plaintiffs do not dispute these contentions but assert that a clerical error was made by the process server which caused the insufficient service. Plaintiffs ask the court to use its discretion to grant them a reasonable extension of time in which to perfect service.

Rule 4(m) gives "wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause[.]" *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). "However, where the allegations against the defendant fail to state a viable claim, an extension would be futile and should not be granted." *Hahn v. Office & Pro. Emps. Int'l. Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015). Here, because Plaintiffs' claims against the United States are barred on other grounds, the court does not grant an extension of time for service of process. In the event Plaintiffs seek to file an Amended Complaint, the court will reconsider their request.

**B.    Whether Plaintiffs' Constitutional Claims (First and Second Causes of Action) Should be Dismissed for Lack of Subject Matter Jurisdiction.**

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it 'lacks the statutory or constitutional power to adjudicate it.'" *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir.

4

2005) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

The United States contends that Plaintiffs' constitutional tort claims pursuant to the Fourth and Fifth Amendments of the United States Constitution must be dismissed for lack of subject matter jurisdiction because sovereign immunity shields the federal government and its agencies from such claims. "The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The court must "strictly construe matters concerning the waiver of sovereign immunity in favor of the government." *Id.* at 80. As a result, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). It is well-established that "the United States simply has not rendered itself liable . . . for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994); *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 301 (N.D.N.Y. 2019) (holding that "the United States is immune from constitutional tort claims against the United States, its agencies, or federal employees sued in their official capacities") (internal quotation marks and citation omitted).

Plaintiffs contend that sovereign immunity was waived by the United States when it removed their case to federal court and cite *Lapides v. Bd. of Regents of Univ. Sys. of Georgia* for this proposition. *Lapides* addressed a state's waiver of its Eleventh Amendment sovereign immunity through removal. *See* 535 U.S. 613 (2002). As the Second Circuit has explained, "Eleventh Amendment immunity has a different purpose and is far narrower than . . . general sovereign immunity" because it "relates to the relationship between the states and the federal government." *Beaulieu v. Vermont*, 807 F.3d 478, 485 (2d Cir. 2015). "[N]either logic nor precedent supports the proposition that [the federal government] waives its general [] sovereign immunity by removing an action

from state court to federal court." *Id.* at 486; *see also State of Minnesota v. United States*, 305 U.S. 382, 388 (1939) (holding that "[t]he fact that the removal was effected on petition of the United States and the stipulation of its attorney in relation thereto are facts without legal significance"); *Matter of Application of the Cardo Law Firm, P.C. v. Dep't of the Army*, 2010 WL 1935868, at *2 n.1 (N.D.N.Y. May 11, 2010) (holding that "[a]lthough the Government removed this action to federal court, the removal statute does not waive the Government's sovereign immunity").

Because Plaintiffs have failed to establish a waiver of sovereign immunity, this court lacks subject matter jurisdiction to hear their constitutional tort claims brought against the United States. The United States' motion to dismiss Plaintiffs' First and Second Causes of Action is therefore GRANTED.

### C.   Whether Plaintiffs' State Law Tort Claims (Fourth through Ninth Causes of Action) Should be Dismissed for Lack of Subject Matter Jurisdiction.

The United States contends that Plaintiffs' remaining state law tort claims should be dismissed because Plaintiffs failed to exhaust their administrative remedies as required by the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2675. The FTCA constitutes a limited waiver of sovereign immunity and "allows for a tort suit against the United States under specified circumstances." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). Under the FTCA, a claimant must "exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Mitchell*, 445 U.S. at 538 (holding that "the terms of [the federal government's] consent to be sued in any court define that court's jurisdiction to entertain the suit").

The FTCA provides in relevant part that:

[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate*

> *Federal agency and his claim shall have been finally denied by the agency*
> *in writing and sent by certified or registered mail.*

28 U.S.C. § 2675(a) (emphasis supplied).

"[T]he regulations promulgated pursuant to section 2675 establish that a claim is not deemed to have been 'presented' until 'a Federal agency receives from a claimant, . . .[a] written notification of the [] incident, accompanied by a claim for money damages in a sum certain." *Donahue v. U.S. Transp. Sec. Admin.*, 457 F. Supp. 2d 137, 140 (E.D.N.Y. 2006) (quoting 28 C.F.R. § 14.2). "Because the FTCA operates as a waiver of sovereign immunity, these procedural requirements are strictly construed." *Est. of George v. Veteran's Admin. Med. Ctr.*, 821 F. Supp. 2d 573, 578 (W.D.N.Y. 2011); *see also Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983) (finding that "because the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly"). "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements. In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted).

Plaintiffs admit that the Notice of Claim they submitted to the DEA did not include a sum certain of damages. They further concede that they were notified of this defect and did not cure it. They nonetheless argue that dismissing their claims for "failure to comply with a punctilious requirement to fill in an allegedly necessary box in a standardized form" would result in manifest injustice. (Doc. 18 at 9.) Although it may produce a harsh result, "[t]he failure to include a sum certain precludes a finding of administrative exhaustion." *Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 470 (E.D.N.Y. 2013); *see also Yusuf v. Jones*, 2020 WL 4369641, at *2 (E.D.N.Y. July 30, 2020) (holding that "although it may cause a harsh result, the law is that a plaintiff must timely provide the agency with a specific sum claimed against the United States").

Because "[a] claimant's failure to satisfy the FTCA's presentment requirement precludes subsequent litigation of those claims[,]" the United States' motion to dismiss

Plaintiffs' common law tort claims against it as set forth in their Fourth through Ninth Causes of Action is GRANTED. *Donahue*, 475 F. Supp. 2d at 141.

### D.  Leave to Amend.

Pursuant to Fed. R. Civ. P. 15(a), courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R Civ. P. 15(a). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Because at this juncture the court cannot find that any claims asserted by Plaintiffs against the United States would be futile, and because there is no other ground on which to deny leave to amend, Plaintiffs are hereby GRANTED leave to file an Amended Complaint within twenty (20) days of the date of this Opinion and Order consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

## CONCLUSION

For the foregoing reasons, the court GRANTS the United States' motion to dismiss. (Doc. 12.) Plaintiffs are hereby GRANTED leave to file an Amended Complaint within twenty (20) days of the date of this Opinion and Order consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

SO ORDERED.

Dated this _10th_ day of May, 2021 .

Christina Reiss, District Judge
United States District Court