UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERTETTA GREEN-PAGE, and
KA'SEAN ANTHONY,

                Plaintiffs,           **AMENDED COMPLAINT**

     v.                                     **Case No.: 20-CV-837**

UNITED STATES OF AMERICA,
COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,
CITY OF BUFFALO, and
BUFFALO POLICE DEPARTMENT,

                Defendants.
_____

      Plaintiffs, GERTETTA GREEN-PAGE ("Plaintiff Page") and KA'SEAN ANTHONY ("Plaintiff Anthony"), by and through their attorneys, HOGANWILLIG, PLLC, as and for their Complaint against Defendants the UNITED STATES OF AMERICA, and COUNTY OF ERIE, ERIE COUNTY SHERIFF'S DEPARTMENT ("Erie County Sheriffs"), CITY OF BUFFALO, and BUFFALO POLICE DEPARTMENT ("Buffalo Police") (collectively, the "Municipal Defendants") herein, allege as follows:

      1.     At all times hereinafter mentioned, Plaintiff Page was and still is an individual residing at 43 Schauf Street, Lower, Buffalo, New York 14211.

      2.     At all times hereinafter mentioned, Plaintiff Anthony was and still is an individual residing at 43 Schauf Street, Lower, Buffalo, New York 14211.

      3.     Plaintiff Page is the grandmother of Plaintiff Anthony.

{H3013887.1}                                                              **1**

**HOGANWILLIG**
**Attorneys at Law**
**2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068**
**Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com**

4. Upon information and belief, and at all times hereinafter mentioned, Defendant United States of America is representative of the Drug Enforcement Administration ("DEA") and the Federal Bureau of Investigation ("FBI").

5. Upon information and belief, the DEA was and still is an agency of the United States of America, with a principal place of business located at 8701 Morrissette Drive, Springfield, Virginia 22152.

6. Upon information and belief, and at all times hereinafter mentioned, Defendant FBI was and still is an agency of the United States of America, with a principal place of business located at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

7. Upon information and belief, and at all times hereinafter mentioned, Defendant County of Erie was and still is a municipal corporation duly existing under the laws of the State of New York, with its principal place of business located at 95 Franklin Street, Buffalo, New York 14202.

8. Upon information and belief, and at all times hereinafter mentioned, Defendant County of Erie acted and continues to act under color of state law by and through its agents, Defendant Erie County Sheriffs.

9. Upon information and belief, and at all times hereinafter mentioned, Defendant Erie County Sheriffs was and is an agent of Defendant County of Erie, duly formed and existing under the laws of the State of New York, with its principal place of business located at 10 Delaware Avenue, Buffalo, New York 14202.

10. Upon information and belief, and at all times hereinafter mentioned, Defendant City of Buffalo was and is a municipal corporation organized and existing under the laws of the

{H3013887.1}    2

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

State of New York, with its principal place of business located at 65 Niagara Square, Buffalo, New York 14202.

11. Upon information and belief, and at all times hereinafter mentioned, Defendant Buffalo Police was and is a division of Defendant City of Buffalo organized and existing under the laws of the State of New York, with its principal place of business located at 68 Court Street, Buffalo, New York 14202.

12. This Court has subject matter jurisdiction over the claims advanced pursuant to 28 U.S.C. § 1491.

13. This Court also has subject matter jurisdiction over the state law tort claims advanced herein by virtue of the provisions of the Constitution of the State of New York Article VI, § 19 and 28 USCS § 1367.

14. This action properly lies in the Western District of New York, pursuant to 28 U.S.C. § 1343(3) because the claims arouse in this judicial district and the defendants reside in and/or do business in Erie County.

## RELEVANT PROCEDURAL BACKGROUND

15. On or around September 13, 2019, and within ninety (90) days after the incident herein sued upon accrued, Plaintiffs served upon Defendants, through their duly authorized agents, a written Notice of Claim pursuant to § 50-e of the General Municipal Law of the State of New York setting forth the time, place, nature, and manner in which the claim arose, a copy of which is attached hereto as **Exhibit A**.

16. On or around September 23, 2019, Defendant City of Buffalo served upon Plaintiffs a Demand for Oral Examination of Plaintiffs/Claimants pursuant to Section 50-h of the General Municipal Law.

{H3013887.1}   3

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

17. Defendant City of Buffalo conducted an examination of Plaintiffs pursuant to Section 50-h of the General Municipal Law on October 31, 2019.

18. On or around November 25, 2019, Defendant County of Erie served upon Plaintiffs a Demand for Oral Examination of Plaintiffs/Claimants pursuant to Section 50-h of the General Municipal Law.

19. Defendant County of Erie conducted an examination of Plaintiffs pursuant to Section 50-h of the General Municipal Law on February 18, 2020.

20. On or around June 18, 2020, Plaintiffs commenced this action with the filing of a summons and complaint in New York State Supreme Court, a copy of which is attached hereto as **Exhibit B**.

21. The action was removed to this Court on or around July 6, 2020.

22. On or around October 26, 2020, Defendant United States of America moved to dismiss Plaintiffs' Complaint.

23. On or around May 10, 2021, this Court granted Plaintiffs leave to amend Plaintiffs' Complaint dated June 18, 2020.

### **ALLEGATIONS APPLICABLE TO ALL CLAIMS**

24. On or around June 19, 2019, at approximately 6:00 a.m., Plaintiffs were asleep in their bedrooms in their home located at 43 Schauf Street, Lower in Buffalo, New York.

25. On or around June 19, 2019, at approximately 6:00 a.m., Plaintiffs were awoken by the sound of an unknown number of agents or officers of Defendants busting through the front door with a battering ram.

26. Plaintiff Anthony got out of bed to investigate and saw agents or officers of Defendants rushing into the home.

{H3013887.1}   4

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

27. The agents or officers of Defendants were clad in body armor with masks and carrying what Plaintiff Anthony believed. to be assault rifles.

28. Agents or officers of Defendants shouted at Plaintiff Anthony to put his hands up.

29. Agents or officers of Defendants then ordered Plaintiff Page to come out of her bedroom.

30. Plaintiffs were instructed to sit in chairs in or near the living room of the house, wherein their hands were zip-tied behind their backs by agents or officers of Defendants.

31. An unknown agent or officer of Defendants informed Plaintiffs that said agents or officers were in possession of a search warrant.

32. However, no warrant was ever presented to Plaintiffs.

33. The agents or officers of Defendants proceeded to forcibly, violently, and negligently ransack Plaintiffs' home, causing damage to both the house and Plaintiffs' personal effects.

34. Plaintiffs were tied to their chairs and forced to watch while the home was torn apart by agents or officers of Defendants.

35. Plaintiff Anthony's hands were tied so tight that his wrists began bleeding.

36. Plaintiffs were eventually released from the zip-ties and informed that the alleged search warrant was for someone named "Guy Burt".

37. "Guy Burt" is not known by either Plaintiff.

38. At no point did Plaintiffs attempt to resist the agents or officers of Defendants, or become violent in any way.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST MUNICIPAL DEFENDANTS: UNREASONABLE SEIZURE AND DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW**

{H3013887.1}   5

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

39. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "38" as if fully set forth herein.

40. At the time agents or officers of Defendants placed Plaintiffs under arrest they did not have reasonable suspicion that Plaintiffs had committed, were committing, or were about to commit a crime.

41. At the time Defendants held and detained Plaintiffs, Defendants did not have probable cause or reasonable suspicion to hold and detain Plaintiffs.

42. Said agents or officers, as employees of Defendants, and while acting under color of state and federal law, unreasonably detained Plaintiffs without probable cause, in direct violation of Plaintiffs' civil rights under the Fourth and Fifth Amendments of the United States Constitution, as applied to the states by the Fourteenth Amendment of the United States Constitution, to be secure against unreasonable seizure of their person.

43. Said seizure and detention was prolonged, intrusive, unjustified, and served no governmental purpose.

44. The aforesaid conduct employed prior to and during the detainment of Plaintiffs by Defendants was in direct violation of Plaintiffs' civil rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution to be secure against deprivations of liberty without due process of law.

45. The aforesaid conduct of the agents or officers of Defendants was pursuant to a policy and custom of Defendants.

46. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

{H3013887.1}   6

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST MUNICIPAL DEFENDANTS: VIOLATION OF PLAINTIFFS' CIVIL RIGHTS THROUGH EXCESSIVE USE OF FORCE

47. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "46" as if fully set forth herein.

48. The Plaintiffs' home was forcibly entered into by agents or officers of Defendants, causing damage to Plaintiffs' property.

49. During the search, agents or officers of Defendants zip-tied Plaintiffs to chairs in a manner that was excessive in nature under the circumstances.

50. At the time Plaintiffs were subjected to said excessive force by Defendants, Plaintiffs were cooperative, did not attempt to interfere with police business, did not pose any threat to Defendants or to others, and were not attempting to flee.

51. The physical force used by Defendants was not warranted or reasonable and was excessive under the circumstances.

52. The aforesaid conduct of the agents or officers of Defendants was pursuant to a policy and custom of Defendants.

53. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST MUNICIPAL DEFENDANTS: VIOLATION OF PLAINTIFFS' CIVIL RIGHTS THROUGH PUNISHMENT WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT

54. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "53" as if fully set forth herein.

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

55. The aforementioned actions of Defendants by subjecting Plaintiffs to suffering physical pain and injuries from forcing them into zip-ties, as well as subjecting Plaintiffs to emotional injury and property damage through ransacking their home were taken with deliberate indifference to Plaintiffs' welfare.

56. The aforesaid deliberate indifference by Defendants was intended to punish Plaintiffs and was part of a pattern and policy of Defendants to deprive arrestees of fair and humane treatment and constituted punishment without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

57. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: BATTERY

58. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "57" as if fully set forth herein.

59. Agents or officers of Defendants forced Plaintiffs onto chairs and tightly zip-tied their hands in a manner that was excessive in nature under the circumstances.

60. The aforesaid battery was unprovoked by Plaintiffs, unwarranted, unjustified and in violation of § 35.30 of the Penal Law of the State of New York and § 140.15 of the Criminal Procedure Law of the State of New York.

61. The aforesaid battery was performed in furtherance of the individual agent or officer's employment with Defendants.

{H3013887.1}   8

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

62. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST

63. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "62" as if fully set forth herein.

64. As previously alleged, agents or officers of Defendants arrested Plaintiffs in their own home without probable cause or reasonable basis.

65. Agents or officers of Defendants placed Plaintiffs in zip-ties and intended to confine them.

66. Plaintiffs were conscious of said confinement.

67. Plaintiffs did not consent to said confinement.

68. Said confinement was a restraint on the Plaintiffs' liberty in excess of what was necessary and proper.

69. Defendants' confinement of Plaintiffs was not privileged as there was no lawful purpose for same.

70. The aforesaid actions of the agents or officers were performed in furtherance of their respective employment with Defendants.

71. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE IMPRISONMENT

{H3013887.1}   9

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

72. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "71" as if fully set forth herein.

73. Defendants placed Plaintiffs in zip-ties and confined them in their own home.

74. Plaintiffs were conscious of said confinement.

75. Plaintiffs did not consent to said confinement.

76. Said confinement was a restraint on Plaintiffs' liberty in excess of what was necessary and proper.

77. Defendants' confinement of Plaintiffs was not privileged as there was no lawful purpose for same.

78. The aforesaid actions of the agents or officers of Defendants were performed in furtherance of their respective employment with Defendants.

79. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "79" as if fully set forth herein.

81. Agents or officers of Defendants intentionally deprived Plaintiffs of their civil rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

82. Plaintiffs had a right to be secure in their home, protected from unreasonable search and seizure, and not be deprived of life, liberty or property without due process of law.

83. The aforesaid actions of the agents or officers of Defendants violated Plaintiffs' basic rights and were outrageous, shocking, and exceeded all reasonable bounds of decency.

{H3013887.1}    10

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

84. The aforesaid actions of the agents or officers of Defendants caused Plaintiffs severe distress.

85. The aforesaid actions of the agents or officers of Defendants were performed in furtherance of their respective employment with Defendants.

86. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiff's damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "86" as if fully set forth herein.

88. Agents or officers of Defendants had a duty to protect Plaintiffs' civil rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

89. Plaintiffs had a right to be secure in their home, protected from unreasonable search and seizure, and not be deprived of life, liberty or property without due process of law.

90. Agents or officers of Defendants breached their duty by invading Plaintiffs' home, placing Plaintiffs in zip-ties and causing damage to Plaintiffs' home and personal effects.

91. The aforesaid actions of the agents or officers of Defendants caused Plaintiffs to fear for their own safety.

92. The aforesaid incidents were caused wholly and solely as a consequence of the carelessness of the agents or officers of Defendants and without any negligence on the part of Plaintiffs contributing thereto.

93. The aforesaid actions of the agents or officers of Defendants were performed in furtherance of their respective employment with Defendants.

{H3013887.1}   11

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

94. That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

95. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs "1" through "94" as if fully set forth herein.

96. Upon information and belief, Defendants, their agents, servants, and employees, hired the agents or officers who performed the alleged search of Plaintiffs' home.

97. Upon information and belief, Defendants, their agents, servants, and employees, trained the agents or officers who performed the alleged search as employees of Defendants.

98. Defendants were negligent in the hiring of the agents or officers in that they knew, or in the exercise of reasonable care should have known, that said Defendants did not possess the temperament and psychological makeup to properly carry out their duties as responsible and law-abiding officers.

99. Defendants were negligent in the training of the agents or officers in that they failed to train said agents or officers on how to conduct a lawful arrest, use reasonable force, protect the rights of citizens under the United States Constitution and to otherwise carry out their duties as responsible and law abiding police officers.

100. Defendants were negligent in the supervision of the agents or officers in that they permitted said agents or officers to detain and arrest citizens without probable cause or reasonable suspicion; use excessive force in effectuating arrests; encouraged an atmosphere of

{H3013887.1}   12

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

disregard of the rights of citizens under the United States Constitution; and failed to discipline police officers who committed such offenses.

101.    That as a result of the foregoing, Plaintiffs have been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount which exceeds the jurisdictional limits of all other courts which might otherwise have jurisdiction, and for such other and further relief to Plaintiffs as this Court deems just and proper.

DATED:    May 28, 2021
          Amherst, New York

*[signature: Ariel A. Bauerle]*

Ariel A. Bauerle, Esq.
Steven M. Cohen, Esq.
HoganWillig, PLLC
Amherst, New York 14068
(716) 636-7600
*Attorneys for Plaintiffs*
2410 North Forest Road, Suite 301
abauerle@hoganwillig.com

{H3013887.1}                                                                                                      13

**HOGANWILLIG**
**Attorneys at Law**
**2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068**
**Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com**