UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERTETTA GREEN-PAGE and KA'SEAN ANTHONY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, COUNTY OF ERIE, ERIE COUNTY SHERIFF'S DEPARTMENT, CITY OF BUFFALO, and BUFFALO POLICE DEPARTMENT,<br><br>Defendants. | Case No. 1:20-cv-00837 |

**OPINION AND ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND CROSS-CLAIMS ASSERTED BY CO-DEFENDANTS**
(Doc. 23)

Plaintiffs, Gertetta Green-Page and Ka'Sean Anthony, bring this action against the United States of America (the "USA") and others alleging violations of their constitutional rights as well as state law tort claims arising out of the execution of a search warrant at their residence.

Pending before the court is the USA's motion to dismiss the state law tort claims asserted against it in the Fourth through Ninth Causes of Action in Plaintiffs' Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, to dismiss the Amended Complaint for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5). The USA also moves to dismiss any cross-claims asserted against it by its co-Defendants County of Erie, Erie County Sheriff's Department, City of Buffalo, and Buffalo Police Department (collectively, the "Municipal Defendants").

On June 23, 2021, Plaintiffs opposed the motion to dismiss, and on June 30, 2021, the USA filed a reply, at which time the court took the pending motion under advisement. The Municipal Defendants take no position on the pending motion.

Plaintiffs are represented by Steven M. Cohen, Esq. The USA is represented by Assistant United States Attorney Mary K. Roach. Defendants County of Erie and Erie County Sheriff's Department are represented by Thomas J. Navarro, Esq. Defendants City of Buffalo and Buffalo Police Department are represented by Maeve Eileen Huggins, Esq. and Christopher R. Poole, Esq.

I.     **Procedural Background.**

On September 13, 2019, Plaintiffs submitted a Notice of Claim to the Federal Bureau of Investigation ("FBI"), the Drug Enforcement Administration ("DEA"), and the Municipal Defendants. The Notice of Claim set forth the time, place, nature, and manner in which the Plaintiffs' claims arose but did not contain a request for a sum certain of damages. On September 27, 2019, the DEA advised Plaintiffs' counsel of its receipt of the Notice of Claim and informed counsel that a SF 95 Form containing a sum certain of damages must be completed. A copy of the SF 95 Form was forwarded to Plaintiffs' counsel but was not filled out and returned. On June 18, 2020, Plaintiffs filed their Complaint in New York State Supreme Court. On July 6, 2020, the FBI and DEA removed the action to federal court.

On October 26, 2020, the FBI and DEA moved to substitute the USA as a Defendant in their place and to dismiss Plaintiffs' Complaint for improper service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted. On May 10, 2021, this court issued an Opinion and Order (Doc. 20) granting the motion to substitute and dismiss, finding that Plaintiffs failed to properly serve the USA, Plaintiffs' constitutional claims (First and Second Causes of Action)[1] were barred by sovereign immunity, and Plaintiffs' state law tort claims (Fourth through Ninth Causes of Action) were barred because Plaintiffs failed to satisfy the Federal Tort

---

[1] Plaintiffs agreed to dismiss their Third Cause of Action against the USA.

Claims Act's (the "FTCA") presentment requirement which requires that a Notice of Claim include a sum certain of damages. The court granted Plaintiffs leave to amend their Complaint and noted that it would reconsider Plaintiffs' request for an extension of time in which to perfect service of process in the event Plaintiffs filed an Amended Complaint.

On May 28, 2021, Plaintiffs filed an Amended Complaint.[2] In their Fourth through Ninth Causes of Action in the Amended Complaint, Plaintiffs assert the same state law tort claims against the USA which the court previously dismissed.[3]

## II.     Allegations in the Amended Complaint.

Plaintiff Page is the grandmother of Plaintiff Anthony. At approximately 6:00 a.m. on June 19, 2019, Plaintiffs were "asleep in their bedrooms in their home located at 43 Schauf Street, Lower in Buffalo, New York" when they were awakened by the sound of "an unknown number of agents or officers of Defendants busting through the front door with a battering ram." (Doc. 21 at 4, ¶¶ 24-25.) Plaintiff Anthony alleges that he "got out of bed to investigate and saw agents or officers of Defendants rushing into the home" wearing "body armor [and] masks and carrying what Plaintiff Anthony believed[] to be assault rifles." *Id.* at 4-5, ¶¶ 26-27. Defendants directed Plaintiff Anthony to put his hands up and directed Plaintiff Page to come out of her bedroom. Plaintiffs were told to sit in chairs in or near the living room of their house, and their hands were "zip-tied behind their backs[.]" *Id.* at 5, ¶ 30. Plaintiff Anthony's hands were allegedly tied "so tight[ly] that his wrists began bleeding." *Id.* at 5, ¶ 35. "Plaintiffs were tied to their chairs and forced to watch while the[ir] home was torn apart" by Defendants. *Id.* at 5, ¶ 34.

---

[2] The United States contends that Plaintiffs failed to comply with Local Rule of Civil Procedure 15 which requires that "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion." L.R. Civ. P. 15. As the court granted Plaintiffs leave to amend their Complaint *sua sponte*, Plaintiffs did not violate Rule 15.

[3] The USA asserts that "any attempt by [Plaintiffs] to re-assert the dismissed [First through Third Causes of Action] against the United States should be rejected." (Doc. 23 at 5.) However, in Plaintiffs' Amended Complaint, the First through Third Causes of Action are only brought against the Municipal Defendants.

3

Plaintiffs allege Defendants told them they were in possession of a search warrant, but it was not shown to them. Defendants allegedly "forcibly, violently, and negligently ransack[ed] Plaintiffs' home," which caused damage to it as well as to Plaintiffs' personal property. *Id.* at 5, ¶ 33. Plaintiffs were eventually released from the zip-ties and informed that the search warrant was for a person named "'Guy Burt[,]'" who is "not known by either Plaintiff." (Doc. 21 at 5, ¶ 37.) "At no point did Plaintiffs attempt to resist" Defendants "or become violent in any way." *Id.* at 5, ¶ 38.

In their First Cause of Action in the Amended Complaint, Plaintiffs allege the Municipal Defendants engaged in an unreasonable seizure and deprived them of liberty without due process of law. In their Second Cause of Action, Plaintiffs allege the Municipal Defendants violated their civil rights through an excessive use of force. In their Third Cause of Action, Plaintiffs allege the Municipal Defendants violated their civil rights through "punishment without due process of law[.]" *Id.* at 8, ¶ 56. In their Fourth through Ninth Causes of Action against the Municipal Defendants and the USA, Plaintiffs allege state law tort claims of battery; false arrest; false imprisonment; intentional infliction of emotional distress; negligent infliction of emotional distress; and negligent hiring, training, and supervision.

**III.   Conclusions of Law and Analysis.**

    **A.   Whether Plaintiffs' State Law Tort Claims (Fourth through Ninth Causes of Action) Should be Dismissed for Lack of Subject Matter Jurisdiction.**

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it 'lacks the statutory or constitutional power to adjudicate it.'" *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

In its May 10, 2021 Opinion and Order, the court held that Plaintiffs' state law tort claims against the USA were barred because Plaintiffs failed to satisfy the jurisdictional presentment requirement of the FTCA. In their Amended Complaint, Plaintiffs allege the same state law tort claims previously dismissed by this court; however, they now assert, without explanation, that this court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1491; the Constitution of the State of New York Article VI, § 19; and 28 U.S.C. § 1367.

28 U.S.C. § 1491 provides, in relevant part, that:

> (a)(1) **The United States Court of Federal Claims** shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases **not sounding in tort.**

28 U.S.C. § 1491(a)(1) (emphasis supplied). According to its plain language, Section 1491 confers jurisdiction on the United States Court of Federal Claims, not a United States District Court. Moreover, the statute confers jurisdiction only for claims "not sounding in tort." *Id.* It thus does not provide subject matter jurisdiction for Plaintiffs' state law tort claims against the USA. To the contrary, if a party seeks to assert a tort claim against the USA, the FTCA is the "exclusive" remedy. *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) (noting that if a suit is cognizable under 28 U.S.C. § 1346(b), the FTCA remedy is exclusive and the federal agency cannot otherwise be sued in its own name).

Neither Article VI § 19 of the New York State Constitution nor 28 U.S.C. § 1367 confers subject matter jurisdiction over Plaintiffs' tort claims against the USA. Article VI provides for the transfer of actions and proceedings between the state courts of New York and has no bearing on the subject matter jurisdiction of a federal District Court. N.Y. CONST. art. VI, § 19. 28 U.S.C. § 1367 governs supplemental jurisdiction and states in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, **in any civil action of which the district**

> **courts have original jurisdiction**, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis supplied).

When a federal court has subject matter jurisdiction, it may exercise supplemental jurisdiction over other claims that "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (internal quotation marks omitted). Section 1367(a) does not create subject matter jurisdiction where it does not otherwise exist. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) ("This means that a district court 'cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.'") (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Section 1367(a) also does not constitute a waiver of sovereign immunity. *See Francis v. Donahoe*, 2014 WL 1292191, at *3 (D. Conn. Mar. 31, 2014) (finding that plaintiff improperly "attempt[ed] to create an end-run around the FTCA by invoking 28 U.S.C. §§ 1343 and 1367 as alternate bases for bringing a defamation claim" and observing that "neither statute includes a waiver of sovereign immunity.").

In addition to relying on inapplicable statues and constitutional provisions for the court's subject matter jurisdiction, Plaintiffs continue to assert that the court has subject matter jurisdiction over their state law tort claims under the FTCA. In its May 10, 2021 Opinion and Order, the court held it lacks subject matter jurisdiction to adjudicate Plaintiffs' state law tort claims against the USA because Plaintiffs have failed to satisfy the FTCA's jurisdictional presentment requirement. As the court explained in its Opinion and Order, the FTCA constitutes a limited waiver of sovereign immunity and "allows for a tort suit against the United States under specified circumstances." *Hamm v. United*

6

*States*, 483 F.3d 135, 137 (2d Cir. 2007).[4] Under the FTCA, a claimant must "exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also United States v. Mitchell*, 445 U.S. 535, 538 (holding that "the terms of [the federal government's] consent to be sued in any court define that court's jurisdiction to entertain the suit") (internal quotation marks omitted).

The FTCA provides in relevant part that:

[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.**

28 U.S.C. § 2675(a) (emphasis supplied).

"[T]he regulations promulgated pursuant to section 2675 establish that a claim is not deemed to have been 'presented' until 'a Federal agency receives from a claimant, . . .[a] written notification of the [] incident, accompanied by a claim for money damages in a sum certain.'" *Donahue v. U.S. Transp. Sec. Admin.*, 457 F. Supp. 2d 137, 140 (E.D.N.Y. 2006) (quoting 28 C.F.R. § 14.2). "Because the FTCA operates as a waiver of sovereign immunity, these procedural requirements are strictly construed." *Est. of George v. Veteran's Admin. Med. Ctr.*, 821 F. Supp. 2d 573, 578 (W.D.N.Y. 2011); *see also Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983) (finding that "because the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly"). "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements. In the absence of such

---

[4] The FTCA waives the USA's immunity for certain intentional torts committed by investigative or law enforcement officers of the United States Government, 28 U.S.C. § 2680(h), consisting of "assault, battery, false imprisonment, false arrest, abuse of process, [and] malicious prosecution." *Millbrook v. United States*, 569 U.S. 50, 54-55 (2013).

compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted).

Plaintiffs admit that the Notice of Claim they submitted did not include a sum certain of damages but nonetheless argue that "the Standard Form 95 is not the only way to present a claim under the FTCA." (Doc. 33 at 5) (citing *Collins v. United States*, 996 F.3d 102, 111 (2d Cir. 2021)). In *Collins*, the Second Circuit held that "the presentment requirement mandates that the claimant present the agency with sufficient information – whether through narrative, evidence, or other means – to alert the agency to the basis for his claim, the nature of his injuries, and *the amount of damages sought* so that the agency can proceed to investigate its liability and value the claim in order to assess the advisability of settlement." *Collins*, 996 F.3d at 105 (emphasis supplied). *Collins* thus does not authorize a Notice of Claim which contains no information regarding a sum certain of damages.

In this case, the amount of damages sought was not furnished by any means even after the DEA alerted Plaintiffs to the deficiency in their Notice of Claim. Although it may produce a harsh result, "[t]he failure to include a sum certain precludes a finding of administrative exhaustion." *Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 470 (E.D.N.Y. 2013); *see also Yusuf v. Jones*, 2020 WL 4369641, at *2 (E.D.N.Y. July 30, 2020) (holding that "although it may cause a harsh result, the law is that a plaintiff must timely provide the agency with a specific sum claimed against the United States"). Because "[a] claimant's failure to satisfy the FTCA's presentment requirement precludes subsequent litigation of those claims[,]" the USA's motion to dismiss Plaintiffs' state law tort claims against it as set forth in the Fourth through Ninth Causes of Action of the Amended Complaint is GRANTED. *Donahue*, 457 F. Supp. 2d at 141.

### B.  Whether the Amended Complaint Should be Dismissed for Insufficient Service of Process.

On a Fed. R. Civ. P. 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service of process was sufficient. *See Burda Media, Inc. v. Viertel*, 417

F.3d 292, 298 (2d Cir. 2005) (observing that plaintiffs "carry the burden of pro[of]" where a defendant "move[s] to dismiss for insufficient service of process under Rule 12(b)(5)"). "In deciding a Rule 12(b)(5) motion, a [c]ourt must look to Rule 4, which governs the content, issuance, and service of a summons." *Felton v. Monroe Cmty. Coll.*, 2021 WL 1132411, at *4 (W.D.N.Y. Mar. 24, 2021) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010)).

To serve the United States, a party must "[1] deliver [or mail] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "[2] send a copy of each by registered or certified mail to the Attorney General of the United States[.]" Fed. R. Civ. P. 4(i)(1). "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

While the court noted that it would reconsider Plaintiffs' request for an extension of time in which to perfect service of process in the event Plaintiffs filed an Amended Complaint, it need not address this request now because Plaintiffs' claims against the USA remain barred on other grounds. The court therefore DENIES AS MOOT the USA's motion to dismiss for insufficient service of process.

### C.    Whether the Cross-Claims Against the USA Should be Dismissed.

The USA contends that, to the extent that the Municipal Defendants assert cross-claims against it, those cross-claims should be dismissed for lack of subject matter jurisdiction. The Municipal Defendants have asserted cross-claims against each other but not against the USA. They have taken no position on the USA's motion to dismiss. Against this backdrop, in an abundance of caution, the court GRANTS the USA's motion to dismiss any cross-claims against it.

## CONCLUSION

For the foregoing reasons, the court GRANTS the USA's motion to dismiss the claims against it in Plaintiffs' Amended Complaint and any cross-claims asserted against it by the Municipal Defendants. (Doc. 23.)

SO ORDERED.

Dated this 15th day of October, 2021.

Christina Reiss, District Judge
United States District Court