UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERTETA GREEN-PAGE, and
KA'SEAN ANTHONY

Plaintiffs,

vs.

UNITED STATES OF AMERICA, et al.

Defendants.
_____

No.: 20-cv-837

## REPLY MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION

CAVETTE A. CHAMBERS, ESQ.
Corporation Counsel
*Attorney for the City Defendants*

By: Robert E. Quinn
Assistant Corporation Counsel
1103 City Hall : 65 Niagara Square
Buffalo, New York  14202
Tel.: (716) 851-4326
Fax.: (716) 851-4105
E-mail: rquinn@city-buffalo.com

1

**ARGUMENT**

The City Defendants moved for judgment pursuant to FRCP Rules 12(c) and 56, seeking dismissal of Plaintiffs' Complaint and all Cross-Claims. Plaintiffs oppose this Motion through an Attorney Declaration and Memorandum of Law. Plaintiffs have not responded to our Statement of Undisputed Material Facts, and we therefore ask that those facts should be deemed admitted.

The Amended Complaint failed to name any proper parties as defendants and the record is devoid of any actual evidence which supports Plaintiffs' claims against the named City Defendants. Discovery has concluded and our Motion established the grounds for dismissal. Plaintiffs' attorney argument is insufficient to avoid summary judgment, and ultimately there is no evidence of anything more than the lawful execution of a facially valid search warrant.

Even viewing the facts in the light most favorable to the Plaintiffs, the City Defendants merely assisted during the execution of a valid search warrant obtained by, and based on the investigation of, other law enforcement agencies. Plaintiffs' own testimony denies having any interaction with the Buffalo Police Department, and contains no specific allegations of any wrongdoing by the Buffalo Police Department, and our Motion should therefore be granted.

**I.     Plaintiffs' Complaint should be dismissed.**

   a. *Plaintiffs have not alleged any viable federal causes of action.*

§1983 liability must be based on the personal involvement of a defendant in the alleged constitutional violation. Spavone v. New York State Dept. of Correctional Services, 719 F.3d 127 (2d Cir. 2013). Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) long ago established *respondeat superior* is not a proper grounds for rendering municipalities liable under Section 1983 for the alleged constitutional torts of their employees.

While Monell does allow for certain claims alleging a municipality caused the alleged constitutional violation through a custom or policy. It is well established that conclusory allegations of a municipal policy or custom are patently insufficient to state a claim, and that is all that the Plaintiffs offer here. *See,* Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)("mere assertion ... a custom or policy is insufficient.").

Plaintiffs' Amended Complaint failed to name any individual defendants, failed to specifically identify personal involvement of any City employees, and failed to identify any unlawful custom or policy. Plaintiffs therefore do not allege any viable constitutional claims as against the City of Buffalo or Buffalo Police Department.

Moreover, Plaintiffs' Amended Complaint does not contain a "failure to intervene" cause of action, in name or in allegation, and that claim is not properly before this court. Even if it were, Plaintiffs failed to allege or establish any opportunity or duty to intervene, and based on their testimony any such claim should be dismissed. Saleh v. Savage, 12-CV-0468S, 2015 WL 1608839, at *5 (W.D.N.Y. Apr. 10, 2015). Any federal claims against the City Defendants therefore fail as Plaintiff not stated or established a viable cause of action, and all constitutional claims under 1983 should therefore be dismissed. Wright v. Smith, 21 F.3d 496 (2d Cir. 1994).

b. *Plaintiffs' state law claims are barred by failure to include in the Notice of Claim.*

General Municipal Law §50-e provides that a notice of claim is a "condition precedent" to tort claims against municipalities in New York. Warner v. Vil. of Goshen Police Dept., 256 F. Supp. 2d 171 (S.D.N.Y. 2003). This applies to intentional tort claims like "battery". LaGrange v. Ryan, 142 F Supp 2d 287 (N.D.N.Y. 2001); Hernandez v. Llukaci, 16-CV-1030, 2019 WL 1427429 (N.D.N.Y. 2019); Dunham v. City of New York, 295 F Supp 3d 319 (S.D.N.Y. 2018).

3

Plaintiffs' "battery" cause of action was not alleged in their Notice of Claim, and therefore that cause of action must be dismissed. Plaintiffs' memorandum in opposition either misconstrues or misunderstands the City Defendants arguments and the applicable law, as neither of the cases cited considers or has any application to the Notice of Claim requirement.

The notice of claim argument has nothing to do with a "bill of particulars" and Cybulski v. Bethlehem Steel Corp., 266 A.D.2d 836 (4th Dept., 1999) has no relevance to this case. A New York Civil Practice Laws and Rules "bill of particulars" is not a condition precedent to suit, and this is a proceeding in Federal Court where no "bill of particulars" was requested or served.

Similarly, the notice of claim requirement has nothing to do with injuries which were supposedly learned to be more severe sometime after the filing of a notice of claim (even though there is no proof of that in the record, and the actual proof refutes it). Respectfully, the City Defendants therefore fail to see any relevance of the decision in Boucher v. Trustees of Canisius Coll., 1:22-CV-00381, 2023 WL 2544625, at *1 (W.D.N.Y., 2023), where this Court was considering a 12(b)(6) motion in an employment discrimination claim and the "discovery" rule for Title IX statute of limitations purposes.

In our case, there was a discrete incident on June 19, 2019 which allegedly caused Plaintiffs' injuries. These are not claims dependent on subsequent events, or some unforeseeable injury. If Plaintiffs had valid claims, they would and should have known of them at the time of the search or shortly thereafter. Moreover, the Plaintiffs were in fact able to draft and serve a Notice of Claim without these causes of action included. That any weren't included in the notice of claim demonstrates their lack of validity and evidentiary support. Plaintiffs did not go to the hospital, they do not allege any diagnosed injury, they have not established any causally related medical treatment, and they did not complain of any injuries to anyone at the scene.

Plaintiffs' failure to include these allegations in the notice of claim, and attempt to introduce them at this late date, is prejudicial. Had physical injuries been alleged, the City Defendants would have been able to request authorizations and a physical examination under General Municipal Law § 50-h(1).

*c. Plaintiffs do not have any cognizable claims against the Buffalo Police Department.*

Plaintiffs' opposition to the Buffalo Police Department's lack of capacity to be sued argument, misconstrues the issues and amounts only to a vague outline of a hypothetical Monell claim. This is unavailing, as they have not addressed our actual argument and, for the reasons above, have adequately pled a Monell claim or offered any proof of a "policy or procedure".

As to the "deliberate indifference" claim raised for the first time here in their memorandum of law, again, there simply is no proof. There are no similar incidents, expert testimony, or allegations as to what training was supposedly not done, why it was required, and how that alleged failure to train led to Plaintiffs' claimed violations. Moreover, while mentioned in different contexts, "deliberate indifference" and training are not alleged as Monell claims in the Amended Complaint and they are therefore not properly before this court under §1983.

**II.    The City Defendants are entitled to Judgement as a matter of law.**

*a. The City Defendants were lawfully entitled to rely on a facially valid search warrant.*

Respectfully, Plaintiff's opposition misunderstands the issues before this Court, the arguments advanced in the City Defendants' Motion, and most importantly their burden in opposition to our Motion. Whatever claims they theoretically could allege against the DEA agents involved in the procurement of the search warrant have no application to the City Defendants', and their lack of any evidence as against the City Defendants is fatal to their claims.

A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in her favor on an essential element of a claim on which the plaintiff bears the burden of proof. In re Omnicom Group, Inc., Sec. Litig., 597 F.3d 501, 509 (2d Cir. 2010). That is the case here, and the City Defendants are therefore entitled to judgment as a matter of law, regardless of any evidence offered in the City Defendants' Motion, as the Plaintiffs' have failed to offer any evidence.

With that said, the evidence submitted in the City Defendants' Motion demonstrates that the warrant was facially valid and that the City of Buffalo was not involved in the procurement of that warrant. Even if this were not the case, there is no basis to impose vicarious liability for the City Defendants as to the unidentified alleged errors of some other law enforcement agency's employees. United States v. Blais, 141 F.3d 1152, *1 (2d Cir. 1998).

Plaintiffs have offered no evidence that the City Defendants played any role in the investigation or application for that search warrant, and no evidence to rebut the presumption of warrant's validity. Rivera v. United States, 928 F.2d 592 (2d Cir. 1991). As set forth in our moving papers, whether or not any contraband or the individual identified as "Guy Beart" were found at plaintiffs' home does not undermine a finding of probable cause, as "[the validity of a warrant is not impaired if it is based on seemingly reliable information which is later found to be erroneous." Illinois v. Rodriguez, 497 U.S. 177, 184 (1990).

It is not the City's burden to establish its alleged employees, who have not been named or identified, were not the "DEA Agents", who are also not named or identified, that procured and executed this search warrant. We are well past the pleading stages, discovery has concluded, and it was incumbent on Plaintiffs to come forward with actual evidence in in support of their claims against the City Defendants and in opposition to our Motion.

Simms v. Vil. of Albion, N.Y., 115 F.3.d 1098 (2d Cir., 1997), which also dealt with issues beyond ours, is inapplicable and does not stand for a contrary proposition. There is no evidence that the City Defendants "searched" anywhere in our case, let alone "exceeded" the scope of the search warrant, and there is no harm alleged from that claim. Moreover, any evidence and Plaintiffs' claims arise from the alleged search of their apartment, at "43 Schauf Ave., lower apartment", which is in fact the exact one identified in Judge Case's Warrant.

Jackson ex rel. Jackson v. Suffolk County, 87 F.Supp 3d 386 (E.D.N.Y. 2015) also supports our arguments in that it shows the evidence Plaintiffs lack, specifically "photographs … show flipped and cut furniture, a disassembled coat rack, property strewn across the floor of the basement, damage to ceramic bowls and a bird feeder stand, damage to picture frames, a scratched end table, and marks to backs of leather furniture."

b. *There is no proof that the City Defendants used excessive force.*

Again, there are no individually named defendants and no evidence that anyone employed by or associated with the City Defendants engaged in anything that could be construed as "excessive force". Specifically, there is no allegation or evidence that any City of Buffalo Police Officer applied the alleged "zip ties" to the Plaintiffs. With that said, even putting this lack of evidence aside, and assuming some unidentified Buffalo Police Officer applied the "zip ties", the City Defendants would still be entitled to summary judgment based on the Plaintiffs' own description of the events and injuries under the law and doctrine of qualified immunity.

As the Southern District described in McGarrell v. Arias, 18CIV2273GBDHBP, 2019 WL 2528370, at *4 (S.D.N.Y. 2019), *report and recommendation adopted,* 18-CIV-2273GBDHBP, 2019 WL 1254880 (S.D.N.Y. 2019): "[m]inor cuts from handcuffing do not support an excessive force claim, even if the cuts result in some bleeding."

Dealing with similar allegations to ours, the Court in McGarrell held that "plaintiff's excessive force claim fails to state a claim. Plaintiff does not allege that he ever complained to [defendants] that the handcuffs were too tight, nor does he claim that he ever sought medical treatment for any injury resulting from the handcuffing. In addition, it appears that plaintiff sustained only minor injuries as a result of the handcuffing. He describes his injuries as swelling and a cut that caused bleeding. However, without more detail, it is impossible to assess whether the cut was in the nature of a scratch or paper cut or something more severe."

Thus, even assuming Mr. Anthony's testimony, which is not supported by any other accounts, medical records, or photographs, at most he had "three scratches" which he did not complain about, did not seek any medical attention for, which did not require any stiches, and which he "just went and got a Band-Aid". Dkt. No. 70-5, p. 21. Ms. Green-Page does not even allege any injuries, or that she complained, indicating both individually and collectively that the application of those "zip ties" was objectively reasonable under the circumstances.

Moreover, even putting aside the alleged "scratches", the testimony is bereft of any allegation or evidence that the application of "zip ties" was unreasonable or excessive under the circumstances. Muehler v. Mena, 544 U.S. 93, 98 (2005). The cases cited by Plaintiffs actually support the City Defendants argument, in that they highlight the allegations and proof that Plaintiffs are lacking. In Jie Yin v. NFTA, 188 F.Supp 3d 259 (W.D.N.Y. 2016), Justice Wolford found, "if a jury credits Plaintiff's version of events, Plaintiff was fully cooperative when [Defendant] physically removed her from the bus in a pain compliance hold, hit her multiple times, and handcuffed her to a bench. This use of force would not be objectively reasonable in response to a cooperating citizen". This is far different than our case, where there are no allegations that Plaintiffs were struck, handcuffed to a bench, or put in a "hold".

Similarly, the extent of the injury and procedural posture is distinguishable from <u>Mason v. Connecticut Dept. of Correction</u>, 3:21-CV-1088 (MPS), 2022 WL 19341, at *5 (D Conn Jan. 3, 2022) where, among many other allegations, the plaintiff alleged "permanent nerve damage". Moreover, that Court found only, construed liberally during their review of a *pro se* complaint, allegations that raised an inference plaintiff did not pose a threat to safety and that the "extremely tight restraints and short tether were applied to cause him pain rather than for legitimate penological reasons" given the lack of response and certain statements made by the defendants.

Finally, in <u>Karcz v. City of N. Tonawanda</u>, 20-CV-1045V(SR), 2023 WL 2744836, at *11 (W.D.N.Y. 2023), *report and recommendation adopted* <u>Karcz v. City of N. Tonawanda</u>, 20-CV-1045-LJV-HKS, 2023 WL 2743917 (W.D.N.Y. 2023), the Court was considering a 12(b)(6) Motion, and was therefore unable to assess the "overall reasonableness" of the officers use of force which included "[wrenching] his surgically repaired right arm behind his back without cause". The court found that "it is not appropriate for consideration [of other evidence] on a motion to dismiss and should be considered in conjunction with other evidence that may be developed during discovery regarding the overall reasonableness of [officer's] actions." Here, there are no such allegations, and this Court is not so constrained at the summary judgment stage.

    c. *Plaintiffs did not allege or establish a "due process" claim against the City Defendants.*

"A search is presumptively reasonable when executed pursuant to a warrant." <u>Vaher v. Town of Orangetown</u>, 916 F.Supp.2d 404 (S.D.N.Y. 2013). Judge Case's search warrant meets all the requirements of a facially valid warrant. <u>Groh v. Ramirez</u>, 540 U.S. 551 (2004). An officer "who relies in good faith on a warrant issued by a neutral and detached magistrate upon a finding of probable cause is presumptively shielded by qualified immunity." <u>Simms v. Village of Albion</u>, 115 F.3d 1098 (2d Cir. 1997). The City Defendants were therefore entitled to rely on

the warrant and representations made by the DEA in assisting with any search. Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003); Lee v. Sandberg, 136 F.3d 94 (2d Cir. 1997).

Even assuming some irregularity with the warrant, particularly given the facts of this case and regardless of what allegations could be made against the DEA, would not create a question of fact as to the City Defendants "good faith reliance". As the Second Circuit held in United States v. Moore, 968 F.2d 216 (2d Cir., 1992), "[n]or does the fourth parameter undermine the application of the good faith exception because, as the district court held, the lack of an oath or affirmation by the presenting officer did not destroy the warrant's facial validity". Thus, Plaintiffs have failed to offer any evidence to satisfy the requirements of their only case cited, People v. Bradley, 181 A.D.2.d 316 (1st Dept., 1992), and their claims must be dismissed.

*d. Plaintiffs do not have a valid Battery claim against the City Defendants.*

Putting aside the lack of notice of claim or sufficient proof, Plaintiffs' battery claims should be dismissed for the same reasons as their excessive force claims. Humphrey v. Landers, 344 F. App'x 686 (2d Cir. 2009). That the "zip-ties" may have caused "scratches" does not constitute battery, and officers would be protected by qualified immunity. Kass v. City of New York, 864 F.3d 200 (2d Cir. 2017); Blouin v. Spitzer, 356 F.3d 348 (2d Cir., 2004)

*e. Plaintiffs do not have a valid Intentional Infliction of Emotional Distress (IIED) claim.*

Plaintiff's IIED claim should be dismissed because they failed to allege conduct "so egregious that the Plaintiff has no other recognized legal theory to seek redress". These allegations do not come close to the extreme conduct required and under New York law, "public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity." Green v. City of Mount Vernon, 96 F Supp 3d 263, (S.D.N.Y. 2015).

*e. Plaintiffs do not have a valid Negligent Infliction of Emotional Distress ("NEID") claim.*

To establish a cause of action for NEID, a plaintiff must prove, among other elements, that defendants engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Naughright v. Weiss, 826 F. Supp. 2d 676 (S.D.N.Y. 2011). The outrageousness element of such claims is "the one most susceptible to determination as a matter of law," Howell v. New York Post Co., 81 NY2d 115 (1993). "Whether the alleged conduct is outrageous is, in the first instance, a matter for the court to decide," Harville v. Lowville Cent. Sch. Dist., 245 A.D.2d 1106 (4th Dept., 1997), and "claims often fail because the alleged conduct was not sufficiently outrageous, McNamee v. Clemens, 762 F. Supp. 2d 584 (E.D.N.Y. 2011). Here, even if the incident played out precisely as Plaintiffs allege, there is no evidence of conduct that rises to the degree of being "extreme and outrageous." The Court of Appeals decision in Ferreira v. City of Binghamton, 38 N.Y.3d 298 (2022) was not considering an NEID claim, and it has not relevance to the City Defendants' Motion, which should be granted.

*f. Plaintiffs' Ninth Cause of Action – Negligent Hiring, Training and Supervision*

Plaintiffs' vague "agency" argument, improperly raised for the first time in opposition to the City Defendants' Motion is refuted above, and is similar to one rejected by the Western District in Saleh v. Savage, 12-CV-0468S, 2015 WL 1608839, at *6, and this Court should reject it for the same reasons stated in that Decision.

Dated:   January 20, 2024
        Buffalo, New York

CAVETTE A. CHAMBERS, ESQ.
Corporation Counsel

*/s/Robert E. Quinn*
Robert E. Quinn
Deputy Corporation Counsel