UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERTETTA GREEN-PAGE AND<br>KA'SEAN ANTHONY,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ERIE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:20-cv-837<br>)<br>)<br>)<br>)<br>) |

**ENTRY ORDER
GRANTING COUNTY DEFENDANTS' UNOPPOSED MOTION FOR
SUMMARY JUDGMENT**
(Doc. 69)

Plaintiffs Gertetta Green-Page and Ka'Sean Anthony ("Plaintiffs") bring this action against the United States; the County of Erie and the Erie County Sheriff's Department (the "County Defendants"); the City of Buffalo; and the Buffalo Police Department (collectively, "Defendants") for alleged violations of New York law and their civil rights stemming from the execution of a search warrant at their residence at 43 Schauf Street in Buffalo, New York, on June 19, 2019. In their Amended Complaint, Plaintiffs allege the following causes of action against the County Defendants: battery (Count Four); false arrest (Count Five); false imprisonment (Count Six); intentional infliction of emotional distress (Count Seven); negligent infliction of emotional distress (Count Eight); and negligent hiring, training, and supervision (Count Nine).

On November 1, 2023, the County Defendants filed the pending motion for summary judgment. (Doc. 69.) On January 8, 2024, Plaintiffs filed a declaration in which they concede that "[i]t became clear that County Defendants were not party to the task force executing the search warrant at 43 S[c]hauf Ave." (Doc. 77 at 4, ¶ 24.) Accordingly, "Plaintiffs agree" that the County Defendants are entitled to judgment as a matter of law with respect to Plaintiffs' claims against them. *Id.* at ¶ 25.

Plaintiffs are represented by Steven M. Cohen, Esq., and Tyler J. Eckert, Esq. The County Defendants are represented by Erin E. Molisani, Esq., and Thomas J. Navarro, Esq.

## I. Procedural History.

On September 13, 2019, Plaintiffs served a notice of claim on the County Defendants based on a search warrant executed at their home at 43 Schauf Street in Buffalo on or about June 19, 2019. Plaintiffs allege the subject of the search warrant, Guy Burt, was not associated with them and never resided at their address. On June 18, 2020, Plaintiffs filed their Complaint in the New York State Supreme Court, Erie County. On July 6, 2020, the case was removed to federal court based on federal question jurisdiction. On May 10, 2021, the court granted the motion to dismiss filed by the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Agency ("DEA").

On May 28, 2021, Plaintiffs filed an Amended Complaint, asserting nine causes of action against Defendants: (1) an unreasonable seizure and deprivation of liberty without due process of law; (2) a violation of Plaintiffs' civil rights through excessive use of force; (3) a violation of Plaintiffs' civil rights through punishment without due process of law in violation of the Fourteenth Amendment; (4) battery; (5) false arrest; (6) false imprisonment; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and (9) negligent hiring, training, and supervision. (Doc. 21.) On June 10, 2021, the County Defendants filed their Answer to the Amended Complaint. On October 18, 2021, the court granted the motion to dismiss Plaintiffs' Amended Complaint against the United States as well as the crossclaims asserted by the County Defendants, the City of Buffalo, and the Buffalo Police Department. Plaintiffs did not depose any of the County Defendants, and the time to do so has expired.

## II. The Undisputed Facts.

On June 19, 2019, at approximately 6:00 a.m., a search warrant was executed at Plaintiffs' house, located at 43 Schauf Street, Lower, Buffalo, New York. The house is a double unit, and Plaintiffs live in the lower part of the house. They were asleep in the home on June 19, 2019, when they became aware of officers entering. Mr. Anthony heard

2

the storm door "bust[,]" the front door open, and the officers yell "police" as they entered the house. (Doc. 69-6 at 1-2) (internal quotation marks omitted). The officers wore helmets, vests, pants, and "the whole suit" while they carried firearms. *Id.* at 2.

The officers entered Mr. Anthony's room and commanded that he put his hands up. An officer displayed a warrant, and they searched the house. Mr. Anthony read the warrant, which stated the officers were looking for an individual named Guy. Mr. Anthony saw one group of officers wearing clothes that said "DEA" but he did not know the names of any of the officers who entered the house during the incident. Ms. Green-Page did not observe anything indicating the officers were employed by the County Defendants, and she was given the warrant during the search. *Id.*

Captain Warren Hawthorn is a captain at the Erie County Sheriff's Office ("ECSO") and a commander for the Special Operations Unit. The ECSO Special Services Division SWAT Team Operations Order ("the Operations Order") dated June 19, 2019, was issued as part of an investigation conducted by the DEA, which led to search warrants being issued for 716 East Delavan, Buffalo, New York, and 43 Schauf Street, Lower, Buffalo, New York. The Operations Order noted that the Buffalo Police Department "[would] be doing a hit at 43 Schauf, #1, Buffalo, NY, USA 14211[.]" *Id.* at 3. ECSO SWAT executed the search warrant at a separate property, 716 East Delavan, Buffalo, New York, on June 19, 2019. No ECSO SWAT or Special Operations officers executed a search warrant at 43 Schauf Street, Lower, Buffalo, New York.

### III. Conclusions of Law and Analysis.

The court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' . . . if it 'might affect the outcome of the suit under the governing law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 39-40 (quoting *Anderson*, 477 U.S. at 248). The court "constru[es] the evidence in the light most favorable to the non-moving party" and

3

"resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019) (internal quotation marks omitted). There is no genuine dispute where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). "Once the moving party demonstrates that there are no genuine issues of material fact, the nonmoving party must come forth with evidence sufficient to allow a reasonable jury to find in its favor." *Spinelli v. City of New York*, 579 F.3d 160, 166 (2d Cir. 2009) (alteration adopted) (internal quotation marks omitted). "Thus, a nonmoving party can defeat a summary judgment motion only by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in its favor, to establish the existence of an element at trial." *Id.* at 166-67 (alterations adopted) (internal quotation marks omitted).

"The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (citation omitted).

"A non-moving party cannot avoid summary judgment simply by asserting a 'metaphysical doubt as to the material facts.'" *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (quoting *Matsushita*, 475 U.S. at 586). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). However, if the evidence "presents a sufficient disagreement to require submission to a jury[,]" the court should deny

4

summary judgment. *Id.* at 251-52. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Kaytor*, 609 F.3d at 545 (internal quotation marks and emphasis omitted).

In this case, Plaintiffs concede that the search warrants were issued as part of a DEA investigation for 43 Schauf Street and were not executed by the County Defendants. The parties do not dispute that the ECSO SWAT team executed the search at 716 East Delavan on June 19, 2019. Plaintiffs have failed to adduce admissible evidence to allow a reasonable jury to find in their favor against the County Defendants regarding the execution of the search warrant at their residence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment[] . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

The County Defendants' motion for summary judgment is hereby GRANTED.

## CONCLUSION

For the foregoing reasons, the County Defendants' motion for summary judgment is GRANTED and judgment is entered in their favor. (Doc. 69.)

SO ORDERED.

Dated this 23rd day of February, 2024.

Christina Reiss, District Judge
United States District Court